■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROSLYN KAPLAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered August 12, 1964 after a jury trial, convicting her of manslaughter in the first degree, and imposing sentence. Judgment affirmed. In our opinion, the extensive questioning of a witness with respect to his Grand Jury testimony and with respect to his practically identical, unsigned, unsworn, pretrial question and answer statement to an Assistant District Attorney, went beyond refreshment of the witness' recollection and became impeachment; and such use of the question and answer statement was improper (cf. *People* v. *Freeman,* 9 N Y 2d 600). However, in the case at bar we do not believe that *People* v. *Freeman* (*supra*) mandates reversal of the judgment because, unlike *Freeman,* here the trial court gave repeated, emphatic, clear and correct instructions to the jury that the contents of the Grand Jury testimony and the question and answer statement were not evidence, could not be considered as evidence, and could be considered by the jury only in appraising the credibility of the witness' oral testimony from the witness stand; and the colloquy between court and jury, when the latter asked for the rereading of certain parts of this witness' testimony, plainly shows that the jury, unlike the jury in *Freeman,* understood these clear instructions. On this point, it should also be noted: (a) that the court's marshalling of this witness' testimony, in its charge, very carefully limited it to what he had actually said on the witness stand; and (b) that its only reference to his prior statements and Grand Jury testimony was that they had created " a little conflict" and made him "not quite sure of his testimony." Read as a whole, the record demonstrates that this was a clean, well-conducted trial, free of histrionics and inflammatory statements or conduct. The trial court was alert and careful to protect the defendant's rights and prevent errors or improprieties. It appears to have erred only with respect to its above-mentioned allowance of the use of the unsigned, unsworn question and answer statement. In the context of the entire record, we believe this isolated error was not substantially prejudicial, and it consequently may and should be disregarded (Code Crim. Pro., § 542). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.